IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 93-00093-01-CR-W-ODS |
| GARRON S. HAYNES, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 26, 2009, counsel for Defendant filed a motion pursuant to 18 U.S.C. § 4241 for a judicial determination of Defendant's mental competency (Doc. No. 105). Defendant was examined by Dr. Lea Ann Preston Baecht, Ph.D., who prepared a report dated April 9, 2009. The report stated, "it is difficult to ascertain Mr. Haynes' ability to proceed with his legal case. While some clinicians have stated Mr. Haynes has exaggerated his deficits for some secondary gain, others have described his behavior as genuine. As detailed above, we have insufficient information at the present time to conclude that he is malingering or genuinely impaired. In light of this, we are unable to state with certainty that he is competent to proceed." Dr. Baecht further opined, "In order to err on the side of caution, it is recommended that the Court refer him for mental health treatment under Title 18 U.S.C. Section 4241(d)."

On May 4, 2009, I held a competency hearing. Defendant was present, represented by appointed counsel Ronna Holloman-Hughes. The government was represented by Mike Warner. During the hearing, both parties stipulated to Dr. Baecht's report (Tr. at 2-3). Neither party presented any additional evidence. On May 11, 2009, the Court found Defendant incompetent to proceed and ordered Defendant be committed to the custody of the Attorney General for hospitalization and

treatment pursuant to 18 U.S.C. §4241(d).

Defendant was examined by Maureen Reardon, Ph.D., and Ralph Newman, N.D., who prepared a report dated October 20, 2009. On December 8, 2009, I held a competency hearing. Defendant was present, represented by appointed counsel Ronna Holloman-Hughes. The government was represented by Assistant United States Attorney Mike Warner. During the hearing, both parties stipulated to the contents and findings of the report (Tr. at 2). No additional evidence was offered by either party (Tr. at 2-3).

Based upon the uncontroverted evidence stipulated to by the parties in this case, I find that Defendant is competent to understand the proceedings pending against him and to properly assist in his defense. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding Defendant competent.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 10, 2009

2